IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| FLOYD HARRIS, | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | Civ. No. 16-1227-JDT-egb |
| VS. | ) | Crim. No. 06-10040-JDT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is a motion pursuant to 28 U.S.C. § 2255 filed by the Movant, Floyd Harris. For the reasons stated below, the Court DENIES Harris's § 2255 motion.

On June 26, 2006, a federal grand jury returned a one-count indictment charging Harris with possession of "crack" cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a). (No. 06-10040, Crim. ECF No. 1.) Harris entered a guilty plea on November 27, 2006. (*Id.*, Crim. ECF Nos. 19 & 20.) At a hearing on February 26, 2007, the Court sentenced Harris to a 188-month term of imprisonment, to be followed by four years of supervised release. (*Id.*, Crim. ECF No. 24.) Judgment was entered on February 27, 2007. (*Id.*, Crim. ECF No. 25.) The Sixth Circuit affirmed on appeal. *United States v. Harris*, 260 F. App'x 869 (6th Cir. 2008).

Harris subsequently filed a motion to reduce his sentence based on Amendment 706 to the U.S. Sentencing Guidelines. (No. 06-10040, Crim. ECF No. 34.) The Court denied that motion on August 4, 2008. (No. 06-10040, Crim. ECF No. 37.) Harris then filed a second motion to reduce

sentence based on the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010). (No. 06-10040, Crim. ECF No. 39.) The Court denied that motion as well. (*Id.*, Crim. ECF No. 41.)

On August 19, 2016, Harris filed the present *pro se* § 2255 motion, contending that his sentence is constitutionally invalid under the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 1.) Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings ("§ 2255 Rules"). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), requires a fifteen-year sentence for a felon who is convicted of unlawfully possessing a firearm in violation of 18 U.S.C.

§ 922(g) and who has three prior convictions "for a violent felony or a serious drug offense, or both." *Id.*, § 924(e)(1). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," (2) "is burglary, arson, or extortion, involves use of explosives," or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.*, § 924(e)(2)(B)(i)-(ii). The last part of that definition is commonly referred to as the "residual clause." In *Johnson*, the Supreme Court held the ACCA's residual clause was unconstitutionally vague and that increasing a defendant's sentence under the clause was, therefore, a denial of due process. 135 S. Ct. at 2563. The Supreme Court later held the decision in *Johnson* was retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

Harris was sentenced not under the ACCA but under the career offender provision of the U.S. Sentencing Guidelines, U.S.S.G. § 4B1.1. The career offender guideline provides that a defendant who is convicted of "a felony that is either a crime of violence or a controlled substance offense" qualifies for an increased sentence if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a). At the time Harris was sentenced, the definition of "violent felony" in the career offender guideline contained a residual clause that was identical to the residual clause in the ACCA. § 4B1.2(a)(2) (2006).[1] Harris thus argues that his sentence is invalid because the residual clause in the career offender guideline is also unconstitutionally vague.

---

[1] Following the decision in *Johnson*, the U.S. Sentencing Commission amended § 4B1.2(a)(2) to remove the language that was held to be unconstitutionally vague. *See* Amendment 798 (effective Aug. 1, 2016). However, the Commission has declined to make the amendment retroactive. *See* U.S.S.G. § 1B1.10(d) (2016).

Harris's argument is foreclosed by the decision in *Beckles v. United States*, 137 S. Ct. 886, 892-95 (2017), in which the Supreme Court held "that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. at 895. Harris was sentenced under the advisory guidelines, after the decision in *United States v. Booker*, 543 U.S. 220 (2005). Therefore, his 188-month sentence is valid.

Even if the decision in *Johnson* were applicable to the sentencing guidelines, Harris's § 2255 motion is without substantive merit. The Presentence Report in this case demonstrates the prior convictions that qualified Harris as a career offender were controlled substance offenses. The residual clause was part of the definition of a "crime of violence" under U.S.S.G. § 4B1.2(a)(2) and had no effect on the definition of a "controlled substance offense" in § 4B1.2(b). Thus, Harris would still qualify as a career offender even under the decision in *Johnson*.

Harris's § 2255 motion, together with the files and record in this case, "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), § 2255 Rules. A response from the United States is not necessary. Accordingly, the § 2255 motion is DENIED.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant

demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

There can be no question that the issue raised in this § 2255 motion is without merit for the reasons previously stated. Because any appeal by Harris on the issue raised in his § 2255 motion does not deserve attention, the Court DENIES a certificate of appealability.

In order to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $505 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a movant must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

For the same reasons the Court denies a certificate of appealability, the Court also CERTIFIES, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Harris would not be taken in good faith. Therefore, leave to appeal *in forma pauperis* is

DENIED. Accordingly, if Harris files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE